282

## In re DUNHAM.

### No. 44125.

District Court, S. D. New York. November 19, 1929.

Harold Deighton, pro se.

McManus, Ernst & Ernst, of New York City, opposed.

WOOLSEY, District Judge. The order of the referee herein is in all respects confirmed.

By petition dated August 12, 1929, Mr. Harold Deighton asked the referee for an order directing the trustee in bankruptcy of the above-named bankrupt to refund to him the sum of $305, paid by him to Adrian H. Muller & Sons, auctioneers, for a certain stock certificate purchased by him at auction.

The basis of the petition was that at the auction sale conducted for the trustee in bankruptcy on July 17, 1929, the petitioner purchased eight shares of the Radio Corporation of America 7 per cent. preferred stock for the lump sum of $305, and that he actually had delivered to him a certificate for eight shares of an obsolete preferred stock of the Radio Corporation of America which was recalled in 1924 in exchange for new 7 per cent. preferred stock.

The petitioner had a fair hearing before the referee, who ruled that a full opportunity had been afforded to him to inspect the stock certificate in question, and, having purchased it, he was bound by the terms of sale which were read by the auctioneer prior to the commencement of the auction sale.

The propriety of this order has come up to me for review on the certificate of the referee.

The referee's order, in my opinion, was quite correct because the doctrine of caveat emptor applies to a case of this kind.

The Supreme Court of the United States in Barnard v. Kellogg, 10 Wall. 383, 19 L. Ed. 987, speaking through Mr. Justice Davis, said at page 388: "No principle of the common law has been better established, or more often affirmed, both in this country and in England, than that in sales of personal property, in the absence of express warranty, where the buyer has an opportunity to inspect the commodity, and the seller is guilty of no fraud, and is neither the manufacturer nor grower of the article he sells, the maxim of caveat emptor applies. Such a rule, requiring the purchaser to take care of his own interests, has been found best adapted to the wants of trade in the business transactions of life. And there is no hardship in it, because if the purchaser distrusts his judgment he can require of the seller a warranty that the quality or condition of the goods he desires to buy corresponds with the sample exhibited. If he is satisfied without a warranty, and can inspect and declines to do it, he takes upon himself the risk that the article is merchantable. And he cannot relieve himself and charge the seller on the ground that the examination will occupy time, and is attended with labor and inconvenience. If it is practicable, no matter how inconvenient, the rule applies. One of the main reasons why the rules does not apply in the case of a sale by sample, is because there is no opportunity for a personal examination of the bulk of the commodity which the sample is shown to represent. Of such universal acceptance is the doctrine of caveat emptor in this country, that the Courts of all the States in the Union where the common law prevails, with one exception (South Carolina), sanction it."

There is, therefore, no question but that the order entered by the referee was right, and that the petitioner was not entitled to the return from the trustee of the moneys paid by him for the stock.